# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVA M. FUTCH,<br><br>    Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP, *et al.*,<br><br>    Defendants. | Case No. 2:10-CV-02256-KJD-GWF<br><br>**ORDER** |

    Before the Court is a Motion to Dismiss (#8) filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), BAC Home Loans Servicing, LP ("BAC"), Federal National Mortgage Association, ("Fannie Mae") and ReconTrust Company, N.A. ("ReconTrust") (collectively "Defendants"). Plaintiff filed an opposition (#11) and Defendants filed a reply (#12). Defendants also requested oral argument (#15).

I. Background

Plaintiff refinanced the loan on a property at 120 Kathy Court, Las Vegas Nevada (the "Property") for $125,000.00. She secured the Note with a Deed of Trust on the Property in favor of the original lender, Nevada Federal Credit Union.[1] The Deed of Trust specifically defined MERS as a nominee beneficiary with standing to foreclose and exercise an "interest granted by Borrower."

Plaintiff stopped making payments on her mortgage in April 2010 and the beneficiary interest in the loan was assigned to BAC on July 9, 2010. BAC immediately substituted ReconTrust as the trustee on the loan. ReconTrust also recorded a Notice of Default on July 9, 2010. ReconTrust recorded a Certificate of Mediation and Notice of Trustee's Sale on November 29, 2010, the same day Plaintiff filed this suit. Plaintiff alleges causes of action for wrongful foreclosure, civil conspiracy, quiet title, and injunctive relief.

II. Analysis

A. Legal Standard

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The

---

[1] The Court takes judicial notice of documents that are not subject to reasonable dispute and are in the public record, pursuant to Fed. R. Evid. 201. Consideration of these documents is appropriate at the motion to dismiss stage. See Branch v. Tunnell, 14 F3d 449, 454 (9th Cir. 1994).

2

*Iqbal* evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss.  Id. at 1950.

### B. Wrongful Foreclosure

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. See Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate).  A claim for wrongful foreclosure prior to sale is not actionable. See Haley v. Elegen Home Lending, LP,  2010 WL 1006664, *2 (D.Nev. 2010) (citing Id.)

Plaintiff does not dispute that she is in default.  Instead, Plaintiff avers that she is not in default because her loan was securitized and this somehow affected the legal right of the beneficiary to foreclose on her property.  Plaintiff's assertion that securitization of the loan somehow relieves her of an obligation to pay is unrecognized in law.  See e.g. Chavez v. California Reconveyance Co., 2010 WL 2545006, 2 (D.Nev. 2010) (rejecting identical argument because "NRS 107.080 does not forbid the securitization of a loan.")  Accordingly, Plaintiff's claim for wrongful foreclosure fails.

### C. Civil Conspiracy

A plaintiff pleading conspiracy must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the existence of a conspiracy.  Twombly 550 U.S. at 556.   To properly plead a claim for civil conspiracy, a plaintiff must set forth facts showing: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. GES, Inc. v. Corbitt, 21 P.3d 11, 15 (Nev.2001).  Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." Arroyo v. Wheat, 591 F.Supp. 141, 144  (D.Nev.1984).

Plaintiff claims that wrongful foreclosure constitutes the underlying tort giving rise to her conspiracy claim. As discussed *supra*, Plaintiff fails to state a claim for wrongful foreclosure. Accordingly, her claim for conspiracy also fails.

### D. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985). Courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted).

Plaintiff has not discharged the debt owed on the mortgage and, accordingly, cannot quiet title. See Fuleihan v. Wells Fargo, 2010 WL 3724186 at *5 (D.Nev. 2010) (a borrower cannot quiet title to a property without discharging any debt owed). Further, Plaintiff's claims are dependant on her claim that the securitization somehow affected the right of the holder of the note to foreclose. As discussed *supra*, this is not a cognizable legal theory. Accordingly, Plaintiff's claim for quiet title fails.

### E. Injunctive Relief

Injunctive relief is not a separate cause of action or an independent ground for relief. See In re Wal–Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action). Since the Court has dismissed each of Plaintiff's underlying claims, she is not entitled to injunctive relief.

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss (#8) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Defendants also requested oral argument (#15) is **DENIED**.

DATED this  29  day of September 2011.

_____
Kent J. Dawson
United States District Judge